The opinion of the Court was delivered by
Dunkin, Oh.
In Wilson vs. Bailer, 3 Strob. Eq. 260, it is said that a separate estate in the wife is the creature of the Court of Chancery, and in derogation of the husband’s common law right, and that, unless the intention to exclude the husband is clearly expressed, or arises by necessary im *44 plication, tbe marital right is maintained. It is also there said that, in order to ascertain whether it was .intended to exclude the marital right, it is necessary to analyse the language used in every case. The instrument before us is testamentary. It was a provision of a father in favor of his daughters, two of whom were then unmarried women, and one (Mrs. Bell) married. The difficulty in reconciling the authorities arises from confounding the amplitude of the gift to the donee with an exclusion of the marital right. But if the intent to exclude may be fairly deduced from the language used, it is the duty of the Court to give effect to this as to every other lawful intention of the testator. The distinctions are sometimes nice. A gift to a married woman as her own in every respect, has been held not to exclude the husband. But in Ex parte Ray, 1 Madd. 199, Sir Thomas Plumer held that a gift to “her sole use” gave a separate estate; and chiefly because of the technical character of the expression, sole. The language of this will is, in some respects, technical. “ The property, real “ or personal, that my three daughters may or do receive by “this, my will, I hereby settle it on them and the lawful issue “ of their bodies forever.” It may be that the word settle would only refer to the limitation of the estate. But he proceeds, “ and I do declare that it shall 'in no wise be subject to. “ the debts of their' husbands, in no case whatsoever.” Certainly it is not competent for a testator to give property to his son or daughter and take away the incidents of property. But it is not less clear that, according to well established principles of this Court, he may give property to his daughter, and, at the same time secure that property, from liability for her husband’s debts. But this can only be effected by construing the gift to create a separate estate. The intent to exclude the marital right in this case is demonstrated by declaring the property exempt from the principal incident of such right. Weatherford vs. Tate, 2 Strob. Eq. 27, has been supposed to conflict with the decision of the Circuit Chancellor. *45 In that case slaves were "bequeathed to the daughters in terms which vested an absolute estate; but to the bequest was added this provision: “Ho sale made by either of their husbands “shall be valid, unless by the consent of both, or one of my “executors, and thus my executors have power to prevent “ such property being moved off the State.” This restriction upon alienation had no reference to the separate enjoyment of the wife, and was not intended to secure it. On the contrary apparently recognizing the title 'of the husband, the testator sought only to restrain the exercise of it so far as to prevent the removal of the slaves beyond the limits of the State. To accomplish this, he declared that any sale by the husband, must have the sanction of the executors, or one of them, in order to secure its validity. The Court could infer no intention to exclude a right from a provision that it shall not be exercised in a particular way. If the testator had provided that no husband of his daughters should require more than nominal wages from the slaves, this restriction could hardly be construed into an intent to secure a separate estate to his daughters, although if effectual, the provision would seriously impair the value of the husband’s enjoyment. Such the Court appear to have regarded the character of the restriction in Weatherford vs. Tate. “This provision,” say the Court, “was not a condition because there wasno for feit “ure, or penalty attached to it, and was utterly inconsistent “ with the general right of property, and could only operate “as a command or order that the property should not be “removed or sold, which the party might obey or not at his “pleasure.”
It- is ordered and decreed that the appeal be dismissed.
Johnston, Ch., concurred.
Daegan, Ch., absent at hearing.

Appeal dismissed.